Augustina SEIJO, as Executrix of the Estate of Juan Seijo, Deceased, Appellant,

v.

Donald L. HOBBS et al., Appellees.

No. 16323.

United States Court of Appeals Ninth Circuit.

Oct. 15, 1959.

Luce, Forward, Kunzel & Scripps, Robert E. McGinnis, San Diego, Cal., Rankin, Oneal, Luckhardt & Center, San Jose, Cal., for appellant.

John Gerald Driscoll, Jr., San Diego, Cal., for appellees.

Before STEPHENS and HAMLIN, Circuit Judges, and LINDBERG, District Judge.

HAMLIN, Circuit Judge.

An action in admiralty was filed on January 4, 1957, in the United States District Court for the Southern District of California, Southern Division, by the Security-First National Bank of Los Angeles, hereinafter the bank, against the Oil Screw Sun King and seventeen co-owners of the vessel, one of whom was Juan Seijo. The action was for foreclosure of a preferred mortgage on the vessel, which mortgage secured a promissory note which the co-owners had agreed to pay.

Three intervening libels to enforce maritime liens against the vessel and for judgment against its owners were thereafter filed by J. T. Siler, Star-Kist Foods, Inc., and San Diego Marine Construction Company, called intervenors.

After respondents had answered, all seventeen respondents being represented by the same counsel, hearings were had before the Court on February 25 and April 22, 1957. Counsel for all parties were present at those hearings. On May 3, 1957, the District Court signed the interlocutory decree, which established the validity, priority and amounts of all claims, determined that respondents were in default on the note, fixed the amount of attorney fees and costs, and decreed that the vessel be sold and the proceeds be paid in the registry of the Clerk of the Court, to be paid in accordance with the amounts fixed by the decree.

The decree further provided that if the net proceeds of the sale were insufficient to cover the bank's claim, a decree *in personam* in favor of the bank for such deficiency be entered against the seventeen respondents jointly and severally. The decree further provided that if the net proceeds of the sale were insufficient to pay the amounts awarded to the three intervenors that a decree *in personam* be entered on behalf of the intervenors for such deficiency against the seventeen respondents, "the court reserving at this time its decision as to whether the same shall be against respondents, insofar as the intervening libels only are concerned, jointly or jointly and severally."

The vessel was sold on the afternoon of May 3, 1957, for $26,500, a sum insufficient to pay the claims of the bank in full or the intervenors at all.

Objections to the order confirming sale were filed by counsel for respondents on May 10, 1957.

Proposed Findings of Fact and Conclusions of Law and Final Decree were filed by libelant bank, and Objections to the

proposed Findings, Conclusions and Decree were filed by counsel for respondents on May 24, 1957.

On August 5, 1957, a hearing was had on the respondents' Objections to the Findings of Fact, Conclusions of Law and Final Decree, and the matter continued to September 16, 1957.

Through negotiations between counsel for respondents and intervenors a compromise reduced the total claim of intervenors from $19,672.59 to $11,270.65.

On September 26, 1957, the District Court signed Findings of Fact, Conclusions of Law and Final Decree (containing the reduced amounts of the intervenors' claims), providing that the respondents be liable therefor "jointly or severally."

Proctors for respondents, intervenors and libelant bank approved these Findings of Fact and Conclusions of Law "as to substance and form" and stipulated that the final decree "be made and entered forthwith."

On June 23, 1958, the same proctor who had appeared in the action for the seventeen respondents filed a notice of motion for an order substituting Augustina Seijo, Executrix of the Estate of Juan Seijo, as respondent in the place and stead of Juan Seijo, and amending the judgment by substituting said Augustina Seijo as Executrix in the place and stead of Juan Seijo.

The affidavit of the proctor supporting the motion set forth that Juan Seijo, one of the seventeen respondents, died on June 23, 1957, and that Augustina Seijo had been duly appointed executrix of his estate by the Superior Court of the State of California in and for the County of Santa Clara on or about July 15, 1957.

Augustina Seijo, as executrix, appeared specially and contested the granting of the motion.[1] On November 6, 1958, the District Court granted the motion as follows:

"It Is Hereby Ordered, Adjudged and Decreed as follows:

"1. That said motion be, and the same is hereby, granted and Augustina Seijo as Executrix of the Estate of Juan Seijo, Deceased, is hereby substituted as a respondent in this action in the place and stead of Juan Seijo, effective from and after the death of said Juan Seijo on June 23, 1957;

"2. That paragraphs 2, 3, 4 and 5 of the Final Decree entered herein on September 27, 1957, be, and the same are hereby, amended and corrected by substituting therein the words 'Augustina Seijo, as Executrix of the Estate of Juan Seijo, Deceased' in lieu of the name 'Juan Seijo' wherever said name appears in said paragraphs."

This appeal is timely filed by Augustina Seijo from the last above mentioned order.

Jurisdiction was vested in the United States District Court for the Southern

---

1. It was shown—

(1) that publication of notice to creditors in the Estate of Juan Seijo commenced July 30, 1957;

(2) that in the month of September, 1957, each of the three intervenors executed written assignments of their judgment claims to Roger S. Woolley. In October, 1957, Roger S. Woolley duly presented his Creditor's Claim, based on said judgment, to appellant as Executrix of the Estate of Juan Seijo, deceased;

(3) that in December, 1957, Security-First National Bank of Los Angeles duly presented its claim for the amount due under the decree to appellant, as Executrix of the Estate of Juan Seijo, deceased;

(4) that in March, 1958, appellant, by notice in writing, rejected the Creditors' Claims of both Roger S. Woolley and libelant bank;

(5) that in June, 1958, libelant assigned its claims under said decree to Alva Hammel;

(6) that in June, 1958, respondents, other than Juan Seijo, filed their notice of motion for substitution of defendant and amendment of judgment, which was served upon appellant. Consents to the granting of said motion by Roger S. Woolley and Alva Hammel were duly filed. At the time set for hearing of said motion, counsel were directed to file briefs, which were thereafter filed.

District of California under Title 28 United States Code Sections 1331 and 1333, and this Court has jurisdiction of the appeal by Title 28, Section 1291.

The only error specified by appellant upon this appeal is that the District Court erred in ordering the substitution of Augustina Seijo as Executrix of the Estate of Juan Seijo, deceased, as a respondent in the place and stead of Juan Seijo as an individual, and in amending the judgment accordingly.

Rule 104 of the Admiralty Rules of the United States District Court for the Southern District of California, West's Ann.Cal.Code adopted under the authority given by Admiralty Rule 44, 28 U.S. C.A., reads in part as follows:

"Whenever, from the death of any of the parties, or changes of interest in the suit, or defect in the pleadings or proceedings, or otherwise, new parties to the suit are necessary, the persons required to be made parties may be made such either by a petition on their part or by the adverse party."

It appears that at the date of the death of Juan Seijo all substantial questions upon the merits in the action had been determined by the District Court and that the order complained of did not prejudice in any way the rights of Augustina Seijo as the executrix of Juan Seijo. The only action taken by the District Court after the death of Juan Seijo was the signing of the Findings of Fact, Conclusions of Law, and Final Decree, in which the amount of the claims of the intervenors against the respondents was reduced by over $8,000, the decree providing that the respondents should be liable therefor "jointly or severally."

Appellant discusses in detail many matters; mainly, what may occur in the California probate court as a result of the order made by the District Court. This court is not concerned with what respondents, libelant or the intervenors, or their respective assignees, did or failed to do to establish rights or liabilities under the California probate statutes.

These are matters for the California courts.

All we hold is that under the circumstances of this case the District Court had power under local Admiralty Rule 104 to make the order appealed from.

The judgment is affirmed.